THE PEOPLE, APPELLANT, *v.* RIVERA, RESPONDENT.

APPEAL from the District Court of Ponce.

No. 495.—Decided Febuary 4, 1913.

CRIMINAL LAW—PEREMPTORY VERDICT OF NOT GUILTY—INSUFFICIENT EVIDENCE—CONTRADICTORY EVIDENCE.—In a trial by jury where the evidence is contradictory the court has no power to order peremptorily a verdict of not guilty. The court can order the acquittal of the accused only when the evidence is insufficient.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an appeal by the *fiscal.* The case was begun in the District Court of Ponce by information directed against Alejo Rivera for violation of section 82 of the Penal Code,

and the information set up substantially that on February 15, 1912, in Villalba of Juana Díaz and within the judicial district of Ponce, P. R., the said defendant, Alejo Rivera, voluntarily and illegally gave a two-dollar bill to the insular policeman, Librado Santiago, who was rendering services in that ward and who is an executive officer, with the intention (on the part of the defendant) to influence such officer that he should not file a complaint against the said defendant before the Municipal Court of Juana Díaz as the author of a crime of cruelty to animals, which crime was committed in such municipal district on February 11, 1912.

At the trial, which took place on August 23, 1912, a number of witnesses, including Librado Santiago, testified that the defendant made the offer of two dollars as expressed in the information. The defendant, both verbally and in writing, admitted having given the police officer two dollars, but he maintained, and there was evidence of other witnesses tending to support this fact, that the two dollars was to cover any fine that might arise by reason of the alleged offense of cruelty to animals and that the said defendant was desirous of returning to the country to attend to his affairs there and did not want to lose a day's work. The trial took place before a jury, and after the conclusion of the testimony the court, considering that the whole proof was insufficient to justify a conviction, peremptorily ordered the jury to return a verdict of not guilty. The court evidently believed the statements of the defendant and disbelieved the statements of the policeman and his witnesses. This, however, was a case of great conflict in the proof, and a settlement thereof was entirely in the province of the jury. We have recently had occasion to consider a similar question in the case of The People of Porto Rico v. Eladio Delgado, 18 P. R. R., 914, where the jurisprudence of this court is reviewed. As pointed out in that case, in order to justify the court in directing a verdict, the evidence, according to section 257 of the Code of Criminal Procedure, must be insufficient. Here there was

evidence tending to inculpate or acquit the defendant and depending upon the credibility of the witnesses, and the court should have left the case to the jury. For these reasons, as more fully set forth in the case of *The People of Porto Rico* v. *Delgado, supra,* the judgment must be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.